Filed 3/26/14  P. v. Smith CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B249919 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA364392) |
| v. | |
| TONY LAMONT SMITH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lance A. Ito, Judge.  Affirmed.

Christine Dubois, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Tony Lamont Smith appeals from a post-judgment order revoking his probation and sentencing him to state prison.

In 2009 Smith was charged in an information with possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1), count 1)[1] and possession of marijuana for sale (Health & Saf. Code, § 11359, count 2), with special allegations he had suffered one prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)) and had served five prior separate prison terms for felonies (§ 667.5, subd. (b)). Smith pleaded not guilty to the charges and denied the special allegations.

On January 4, 2011 Smith waived his constitutional rights to a trial and entered a plea of no contest to possession of marijuana for sale as charged in count 2. In accordance with the negotiated agreement, the trial court suspended imposition of sentence and placed Smith on three years of probation on condition he serve 236 days in county jail, with credit for time served, and, among other conditions, that he obey all laws and court orders. The remaining count was dismissed on the People's motion.

On January 14, 2011 the trial court granted the People's request to summarily revoke Smith's probation after Smith was charged in a felony complaint with unlawful possession of a handgun and ammunition. In March 2011 Smith admitted he had violated his probation and waived his presentence custody credits. The trial court reinstated probation subject to the modified condition that Smith serve an additional 365 days in county jail. The felony complaint was dismissed on the People's motion.

On May 7, 2012 Smith's probation was revoked for failure to register as a narcotics offender but then reinstated on the same terms and conditions after Smith showed proof he had registered as a narcotics offender by the time of the hearing.

In May 2013 the trial court summarily revoked Smith's probation and scheduled a contested probation violation hearing following Smith's arrest for lewd and lascivious acts upon a child under 14 years of age (§ 288, subd. (a)). The court granted Smith's

---

[1]     Statutory references are to the Penal Code unless otherwise indicated.

request to represent himself (*Faretta v. California* (1975) 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562]) and relieved the public defender's office as counsel of record.

At the probation violation hearing on June 27, 2013, the People presented the testimony of three police officers, each of whom had separately interviewed the 13-year-old victim. Smith did not testify or introduce other evidence in his defense.

Following argument by the prosecutor and Smith, the trial court found Smith in violation of probation and sentenced him to state prison for the upper term of three years. The court ordered Smith to pay a $40 court security fee, a $30 criminal conviction assessment and a $200 restitution fine. The court imposed and suspended a parole revocation fine pursuant to section 1202.45. Smith was awarded a total of 701 days of presentence credit (651 actual days and 50 days conduct credit).

We appointed counsel to represent Smith on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On December 3, 2013 we advised Smith he had 30 days within which to personally submit any contentions or issues he wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied Smith's attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The order is affirmed.


PERLUSS, P. J.

We concur:


WOODS, J.                    SEGAL, J.[*]

_____

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.